**Harry Duncan CONNOR, III,
Plaintiff and Appellant,**

v.

**UNION PACIFIC RAILROAD
COMPANY, Defendant
and Appellee.**

No. 970438.

Supreme Court of Utah.

Sept. 11, 1998.

Joseph C. Rust, Salt Lake City, for plaintiff.

Larry A. Gantenbein, Morris O. Haggerty, Salt Lake City, for defendant.

RUSSON, Justice:

## INTRODUCTION

Harry Duncan Connor appeals from a district court's grant of Union Pacific Railroad Company's motion for summary judgment. We reverse.

## BACKGROUND

The following facts are undisputed for purposes of this appeal. On November 2, 1993, at approximately 11:30 a.m., Connor sustained catastrophic injury (traumatic amputation) to both arms when he was struck by a moving railcar in Union Pacific's railyard facility in Salt Lake City, Utah. Connor—a 45–year–old, self-described transient from Chicago, Illinois—entered the railyard in the vicinity of 400 North Street and walked south along a dirt road to Track No. 56, one of three "stub" tracks on which Union Pacific stores its railcars. Tracks No. 56, 57, and 58 are adjacent parallel "stub" tracks located virtually in the middle of the railyard, which terminate at an earth embankment near the 300 North Street public crossing.

Connor entered the railyard with the intention of finding a place to "read and relax." However, a Union Pacific train crew was "shoving" grain railcars on Track No. 56 and did not see Connor, who admits that he had situated himself in a position adjacent to a standing railcar on the track where he could not be seen by passing railroad personnel or by the train crew. Less than fifteen minutes after he entered the yard, one of the railcars ran over Connor, causing severe injuries. Following the accident, Connor was transported to a local hospital, where it was confirmed that he had a blood alcohol level of approximately .31 an hour after the accident occurred.

In August 1995, Connor sued Union Pacific for damages under a negligence theory of tort liability. After the parties conducted discovery, Union Pacific filed a motion for summary judgment, arguing in its supporting memorandum and at oral argument that Connor was a trespasser to whom it owed no duty of care. Connor argued that he fell under the common law "habitual trespasser" exception of the Restatement (Second) of Torts § 334, which this court recently adopted in *Lopez v. Union Pac. Railroad*, 932 P.2d 601 (Utah 1997), and that Union Pacific therefore owed him a duty of reasonable care. The district court granted Union Pacific's motion for summary judgment, stating in its minute entry dated August 19, 1997, that Union Pacific's motion was granted "for the reasons set forth in the supporting memoranda and articulated at oral argument."

On appeal, Connor argues that the district court erred in granting Union Pacific's motion for summary judgment because *Lopez* suggests the need to have a fact finder decide case-specific issues of material fact that will be present in nearly any railroad trespassing case. Specifically, Connor asserts that under *Lopez*, a landowner must exercise a duty of reasonable care to a known or anticipated trespasser when the burdens of preventing injury imposed on the landowner are slight and the risk of harm to the tres-

passer is great. According to Connor, Union Pacific breached its duty of reasonable care when it failed to follow some of its internal safety procedures, which, if followed, would have prevented the accident.

In response, Union Pacific raises the following three arguments in its brief: (1) as a matter of law, Connor did not have an implied license to trespass within the context of the Restatement's section 334; (2) whether Union Pacific followed its operating rules in moving the railcars along the stub tracks is not relevant to whether Connor had an implied license to trespass; and (3) assuming arguendo that Connor had an implied license to trespass, he falls within Utah Code Ann. § 57–14–1 (the "recreational use" statute) as a matter of law.[1]

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

## ANALYSIS

Connor argues that our recent decision in *Lopez* precludes summary judgment in the instant case. According to Connor, *Lopez* adopted a balancing approach of weighing burdens and risks that are necessarily fact dependent and that can be resolved only by the fact finder.

In *Lopez*, several sets of railroad "spur" tracks ran through an industrial area in Ogden, Utah. Workers in the area habitually crossed over "cuts" of railcars to reach buildings and parking lots, and Union Pacific's train crew had observed the workers climbing between parked railcars. Its management was also aware of the practice. The plaintiff, unaware that a Union Pacific train crew was switching railcars parked on the

track, was seriously injured as he attempted to cross between two railcars, which suddenly moved without warning. *Lopez*, 932 P.2d at 602–03.

The plaintiff sued, but the trial court—premising its decision upon a statute[2]—granted summary judgment in favor of Union Pacific. *Id.* at 603. This court reversed, recognizing the applicability of the common law exception to the general trespasser rule. Union Pacific argued that the statute merely codified the common law rule that a trespasser cannot recover unless his presence is known to the landowner and the owner then willfully or recklessly injures him. *Id.* at 604. However, we observed that the common law recognized an exception, stated in the Restatement (Second) of Torts, which provides:

> A possessor of land who knows, or from the facts within his knowledge should know, that *trespassers constantly intrude upon a limited area thereof*, is subject to liability for bodily harm there caused to them by his failure to carry on an activity involving a risk of death or serious bodily harm with reasonable care for their safety.

Restatement (Second) of Torts § 334 (1965) (emphasis added). We then held that the trial court erred in granting summary judgment because the plaintiff, having produced evidence that Union Pacific had knowledge of the workers' habitual practice of crossing over the cuts of railcars, had presented a prima facie case of liability on the part of Union Pacific. *Lopez*, 932 P.2d at 605.

According to Connor, *Lopez* adopted the following balancing approach: "[I]f the 'burden [to the landowner] is very slight, and the risk of harm to trespassers is correspondingly very great, there may be good reason to hold the defendant liable. This has been true first of all in the case of frequent trespass upon a limited area.'" *Id.* at 604 (quot-

---

1. Section 57–14–3 states:
   "Except as provided in Subsections 57–14–6(1) and (2), an owner of land owes no duty of care to keep the premises safe for entry or use by any person entering or using the premises for any recreational purpose or to give any warning of a dangerous condition, use, structure, or activity on those premises to that person."

Utah Code Ann. § 57–14–3 (Supp.1997).

2. The statute, which was amended in 1995, provided that a person other than a railroad employee could recover damages for his injuries from the owner or operator of a railroad only under certain limited circumstances.

ing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 58, at 395 (5th ed.1984)). The quoted language, however, is the reasoning behind the rule, which applies only when the requirements of the rule have been satisfied. Connor's assertion that we adopted a "balancing approach" to "known or anticipated trespasser" cases is therefore incorrect.

■ Contrary to Connor's position, this court follows the Restatement's narrow exception in section 334, which requires the following elements to be present before a landowner must afford trespassers the duty of reasonable care: (1) real or constructive knowledge [3] (2) that trespassers (3) constantly intrude (4) upon a limited area and (5) that those trespassers may be injured by the landowner's activities involving risk of death or serious bodily harm. If one of these elements is missing, the exception does not apply, and landowners do not have a duty to exercise reasonable care to trespassers. As we explained in *Lopez*, the exception recognizes a balance of burden to the landowner (to exercise a higher standard of care) and benefit to the trespasser (to avoid substantial bodily harm):

> The burden is decreased if "trespassers in substantial number" habitually enter the land at a particular point, with the knowledge of the occupier of the land, and traverse a small area. In that case, "the burden of looking out for them is reduced, and the risk of harm perhaps increased, so that many courts have held that there is a duty of reasonable care" to discover and protect the habitual trespassers in their activities.

*Lopez*, 932 P.2d at 604 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 58, at 395–96 (5th ed.1984)). If we adopt Connor's position and apply a burden/benefit approach to circumstances outside of the exception, we would create a new rule that would effectively impose upon landowners the duty to exercise reasonable care any time the landowner knows or anticipates that trespassers may be on his or her land and may be in danger of sustaining serious bodily harm. We are unwilling to go so far. We therefore reject Connor's argument that *Lopez* precluded summary judgment in the instant case.

Having clarified the proper scope and application of Restatement section 334, we next address whether there were any disputed issues of material fact that would preclude summary judgment in Union Pacific's favor. At oral argument, Union Pacific argued that in addition to its memorandum in support of its motion for summary judgment, it had submitted affidavits which supported its contention that the place where Connor was injured was not a frequently trespassed area. According to Union Pacific, Connor did not dispute these assertions or submit opposing affidavits.

If Union Pacific were correct, it should prevail because a party who opposes a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [rule 56], must set forth specific facts showing that there is a genuine issue for trial." Utah R. Civ. P. 56(e); *see also Jensen v. IHC Hosps., Inc.*, 944 P.2d 327, 339 (Utah 1997) ("[O]nce the moving party has brought forth evidence either tending to prove a lack of genuine issue of material fact or challenging the existence of one of the elements of the cause of action, the nonmoving party then bears the burden of 'provid[ing] some evidence, by affidavit or otherwise, in support of the essential elements of his [or her] claim.'" (quoting *Thayne v. Beneficial Utah, Inc.*, 874 P.2d 120, 124 (Utah 1994))). However, before determining whether the nonmoving party has met its burden, the court hearing the motion for summary judgment must be satisfied that the moving party has met its burden of proving that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(e).

■ In the instant case, the district court improperly granted Union Pacific's motion

---

**3.** Section 334 of the Restatement imposes a higher duty of care when the landowner knows or from the facts "within his knowledge *should* know" that trespassers constantly intrude upon a limited area of the owner's land. Restatement (Second) of Torts § 334 (emphasis added).

for summary judgment because Union Pacific failed to meet its burden. To prevail on its motion, Union Pacific had to show that at least one of the requirements of the Restatement's section 334 was not satisfied. In light of the undisputed facts in this case, it could have done this by demonstrating that the place where Connor was injured was neither a limited area nor constantly intruded upon by trespassers. However, while Union Pacific claims that its affidavits support its position in this regard, the record is barren of any such support.

For example, Union Pacific states in its summary judgment memorandum that "[t]here is no evidence indicating that trespassers 'habitually' congregate, loiter or otherwise trespass the area of track where plaintiff was injured." Union Pacific, however, fails to support this argument with an affidavit or any other evidence. Its argument is nothing more than a mere assertion, which is wholly insufficient to support a summary judgment motion. Union Pacific also states in its memorandum that "the majority" of trespassers in its Salt Lake City railyard are found "under the North Temple viaduct, under the 600 North viaduct, and the yard perimeter on the West and East sides." However, even if Union Pacific had supported its assertion in this regard with undisputed affidavits, such evidence does not demonstrate that trespassers did not constantly intrude upon a limited area of Union Pacific's railyard. In short, Union Pacific does not cite anything in the record upon which the district court could have relied to justify its grant of summary judgment in Union Pacific's favor.

Because Union Pacific failed to show by affidavit or otherwise that the area where Connor was injured was not a limited area upon which trespassers constantly intruded, we hold that there was a genuine issue of material fact and that the district court erred in granting Union Pacific's motion for summary judgment. In light of our holding, we need not address Union Pacific's second argument, regarding the relevancy of its "operational" rules. We also decline to address its third argument, regarding Utah's "recreational use" statute. That issue was not raised below, and we will not address issues raised for the first time on appeal. *See State v. Mabe,* 864 P.2d 890, 893 n. 6 (Utah 1993) ("Absent exceptional circumstances, this court will not consider issues raised for the first time on appeal.").

Reversed and remanded for further proceedings consistent with this opinion.

Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART, and Justice ZIMMERMAN concur in Justice RUSSON's opinion.

