2014 UT App 25

**UNIFUND CCR, LLC, Plaintiff and Appellee,**

v.

**SHUNG CHAN, Defendant and Appellant.**

**No. 20130995–CA.**

Court of Appeals of Utah.

Jan. 30, 2014.

Rehearing Denied Feb. 26, 2014.

Shung Chan, Appellant Pro Se.

Bryan W. Cannon, Sandy, Attorney for Appellee.

Before Judges JAMES Z. DAVIS, J. FREDERIC VOROS JR., and Senior Judge RUSSELL W. BENCH.[1]

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by

Decision

PER CURIAM:

¶ 1 Shung Chan appeals the trial court's grant of summary judgment in favor of Unifund CCR, LLC (Unifund) on its complaint to collect amounts due on a credit card account. This case is before the court on a sua sponte motion for summary disposition. We grant the motion and affirm.

¶ 2 Summary judgment is appropriate only when "there is no genuine issue as to any material fact ... and the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). We review the grant of summary judgment for correctness, as a question of law, giving no deference to the district court's legal conclusions. *See Basic Research, LLC v. Admiral Ins. Co.*, 2013 UT 6, ¶ 5, 297 P.3d 578.

¶ 3 Chan did not dispute that he opened a credit card account with U.S. Bank, and in response to Unifund's first motion for summary judgment, he failed to provide support for his assertion that the amount sought by Unifund was incorrectly calculated. Chan challenged Unifund's authority to collect on the account. Following Unifund's first unsuccessful summary judgment motion, the only genuine dispute of material fact concerned Unifund's ownership of the account. This factual issue resulted from Unifund's initial failure to explain the sequence of events that led to its ownership and assignment of the account by neglecting to demonstrate that Pilot Receivables Management, LLC was its affiliate and agent for purposes of acquiring accounts. Once this omission was addressed in the second motion for summary judgment, there was no remaining dispute of material fact to be tried.

¶ 4 For the first time on appeal, Chan attempts to dispute facts that he did not specifically dispute in the district court in his responses to Unifund's two motions for summary judgment.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Utah R. Civ. P. 56(e). However, even if these new allegations had been raised below, they are insufficient to demonstrate a genuine issue of material fact that would prevent summary judgment.

¶ 5 Chan's claim that the district court did not address his alleged defenses based upon the Fair Debt Collection Practices Act and insufficient services is incorrect. The district court denied Chan's motions to dismiss and quash service early in the case and was not required to address them again in the summary judgment. Finally, the district court correctly denied the motion to alter or amend the judgment as untimely under rule 59(a) of the Utah Rules of Civil Procedure because it was not filed within ten days of "entry" of the judgment, and the district court did not err in denying the combined motion to set aside the judgment as lacking any analysis under any subsection of rule 60(b) of the Utah Rules of Civil Procedure.

¶ 6 We affirm the grant of summary judgment and the denial of the postjudgment motions.