2015 UT App 137

## THE UTAH COURT OF APPEALS

PEPPERWOOD HOMEOWNERS ASSOCIATION,
Plaintiff and Appellee,
*v.*
PAULA A. MITCHELL,
Defendant and Appellant.

Memorandum Decision
No. 20130832-CA
Filed May 29, 2015

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 120410385

Douglas R. Short, Attorney for Appellant

Kirk A. Cullimore and Derek J. Barclay, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and
J. FREDERIC VOROS JR. concurred.

CHRISTIANSEN, Judge:

¶1     Paula A. Mitchell owns real property located within the boundaries of the Pepperwood Homeowners Association. Pepperwood filed a complaint in district court, alleging that Mitchell's property was subject to a declaration of covenants, conditions, and restrictions that allowed Pepperwood to levy assessments against Mitchell and other property owners for certain expenses related to Pepperwood's operations (the Declaration). Pepperwood alleged that Mitchell had failed to pay the assessments levied against her property, and it sought recovery of the amounts due. Mitchell denied the allegations contained in the complaint in nearly all respects, notably denying the allegations that her property was subject to the

Declaration and that the Declaration obligated her to pay the assessments.

¶2    Pepperwood moved for summary judgment, asserting that "[a]s an owner of a property subject to the Declaration, [Mitchell] is required to pay all assessments levied by [Pepperwood]." In support of its motion, Pepperwood attached a ledger showing the amounts Pepperwood claimed were due and an affidavit from one of its agents averring that the ledger was accurate and that Mitchell had "failed to pay the assessments in a timely fashion." Pepperwood also attached a copy of a lien it had recorded against Mitchell's property.[1] Pepperwood did not attach a copy of the Declaration to its summary judgment motion or its complaint.

¶3    Mitchell did not respond to Pepperwood's motion for summary judgment within the time allowed, and Pepperwood submitted its motion to the district court for decision without a hearing. The district court granted Pepperwood's motion, stating,

> Plaintiff['s] motion for summary judgment is granted on the basis the Defendant failed to respond. There are no material issues of disputed facts. Plaintiff to prepare the order.

Pepperwood prepared an order and judgment including both the amount it claimed Mitchell owed under the Declaration and an award of attorney fees. The district court signed the order the same day. Mitchell appeals.

---

1. Pepperwood's complaint did not seek to foreclose the lien against Mitchell's property but sought only payment of the amounts alleged due under the Declaration.

¶4    On appeal, Mitchell alleges a host of errors in the proceedings below. However, the first of these issues is dispositive, and we therefore do not reach the remainder of Mitchell's claims. Because we conclude that the district court incorrectly granted summary judgment to Pepperwood, we reverse the district court's summary judgment and vacate the award of attorney fees to Pepperwood.

¶5    "Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Basic Research, LLC v. Admiral Ins. Co.*, 2013 UT 6, ¶ 5, 297 P.3d 578. "We review the trial court's summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Hermansen v. Tasulis*, 2002 UT 52, ¶ 10, 48 P.3d 235.

¶6    Failure to oppose a motion for summary judgment can have severe consequences for a nonmoving party, as the nonmoving party's failure to controvert the facts properly set forth in the moving party's memorandum will result in the district court deeming those facts admitted for the purpose of summary judgment. Utah R. Civ. P. 7(c)(3)(A). However, summary judgment may not be entered against the nonmoving party merely by virtue of a failure to oppose; the rules of civil procedure allow entry of summary judgment against a defaulted party only "if appropriate." *Id.* R. 56(e). Thus, while the nonmoving party's failure to oppose a motion for summary judgment will often result in a determination that there are no factual issues precluding a grant of summary judgment, the district court must still determine whether the moving party's pleadings, discovery, and affidavits demonstrate its entitlement to judgment as a matter of law. *Id.* R. 56(c); *Basic Research*, 2013 UT 6, ¶ 5.

¶7    Mitchell claims that the district court erred in granting summary judgment to Pepperwood "on the basis [that Mitchell] failed to respond." Mitchell argues that summary judgment was

improper because Pepperwood failed to produce evidence of an underlying contract or covenant that would entitle it to judgment as a matter of law.

¶8 "Where the moving party would bear the burden of proof at trial, the movant must establish each element of his claim in order to show that he is entitled to judgment as a matter of law." *Orvis v. Johnson*, 2008 UT 2, ¶ 10, 177 P.3d 600. Before considering whether the nonmoving party has met its burden to place a factual issue in dispute, the court "must be satisfied that the moving party has met its burden of proving that . . . [it] is entitled to judgment as a matter of law." *See Connor v. Union Pac. R.R. Co.*, 972 P.2d 414, 417 (Utah 1998). If "the moving party fails to properly support its motion for summary judgment, the nonmoving party is permitted to 'rest on the allegations in [its] pleadings.'" *Advanced Forming Techs., LLC v. Permacast, LLC*, 2015 UT App 7, ¶ 9, 342 P.3d 808 (alteration in original) (quoting *Parrish v. Layton City Corp.*, 542 P.2d 1086, 1087 (Utah 1975)).[2]

¶9 Pepperwood's allegations in its complaint demonstrate that the covenants in the Declaration form the basis of Pepperwood's claim against Mitchell. Pepperwood alleged that Mitchell's property was subject to the Declaration and that the Declaration authorized Pepperwood to levy assessments against Mitchell's property. Mitchell denied these allegations in her answer. In the face of Mitchell's denials, Pepperwood needed to establish its claim with admissible evidence that Mitchell was obligated by virtue of the Declaration to pay the claimed amounts. *See Orvis*, 2008 UT 2, ¶ 10.

---

2. We note that, while the nonmoving party is not required to come forward with documentary evidence when the moving party has failed to adequately demonstrate its entitlement to judgment as a matter of law, an erroneous grant of summary judgment is much more likely to be avoided if the nonmoving party files an opposition alerting the district court to the deficiencies in the moving party's filings.

¶10 We agree with Mitchell that Pepperwood failed to introduce evidence sufficient to establish the basis of its claim. Pepperwood's motion for summary judgment acknowledged that Mitchell denied that her property was subject to the assessments, but Pepperwood did not provide the district court with a copy of the Declaration or any other evidence that Mitchell's property was subject to the Declaration in a way that would require her to pay the assessments.[3] Thus, on the record before this court, there is no evidence of an instrument obligating Mitchell to pay the assessments. Because Pepperwood failed to properly support its motion for summary judgment, Mitchell was permitted to "rest on the [denials] in [her] pleadings." *See Advanced Forming*, 2015 UT App 7, ¶ 9 (citation and internal quotation marks omitted). Pepperwood's motion for summary judgment therefore failed to demonstrate its entitlement to judgment as a matter of law, and the district court's grant of summary judgment was in error. *See Orvis*, 2008 UT 2, ¶ 10.

¶11 Pepperwood argues that, by failing to oppose its motion for summary judgment, Mitchell failed to preserve this issue for appellate review. Pepperwood therefore contends that we should not reverse the district court's order on this basis. Generally, we will not consider an issue unless it has been preserved for appeal by first presenting the issue to the district court in such a way that the district court has the opportunity to rule upon it. *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828. Mitchell concedes that "[m]any of the issues were not raised below" but argues that the district court plainly erred by granting summary judgment under these circumstances. Under plain-error review, "we may reverse the lower court on an issue not properly preserved for appeal" if the appellant demonstrates that a prejudicial error should have been obvious to the district

---

3. Pepperwood's motion for summary judgment incorrectly stated that Mitchell did not dispute in her answer that her property was subject to the Declaration itself.

court. *Pratt v. Nelson*, 2007 UT 41, ¶ 16, 164 P.3d 366. It is a well-settled rule that a moving party must demonstrate its legal entitlement to a judgment before summary judgment may be granted. It is plain on the face of Pepperwood's motion and supporting memorandum that Pepperwood failed to support its claim with evidence that the Declaration obligated Mitchell to pay the assessments. It should therefore have been obvious to the district court that, by failing to produce the instrument that formed the basis of its claim, Pepperwood failed to demonstrate its entitlement to a judgment on that claim as a matter of law. *Id.* Thus, even assuming without deciding that Mitchell's argument is unpreserved because she failed to oppose Pepperwood's motion for summary judgment, we nevertheless conclude that the facts of this case merit reversal.

¶12 Mitchell argues that she is entitled to an award of her attorney fees incurred on appeal because Pepperwood asserted a right to fees under the Declaration and she should therefore be entitled to fees either under the Declaration's fee provision or by operation of Utah's reciprocal-attorney-fees statute. As a general rule, a prevailing party is entitled to an award of attorney fees "only if authorized by statute or by contract." *Dahl v. Dahl*, 2015 UT 23, ¶ 168, 345 P.3d 566 (citation and internal quotation marks omitted).

¶13 "A party is entitled to reciprocal fee-shifting by statute 'when the provisions' of a contract would have entitled at least one party to recover its fees had that party prevailed 'in a civil action based upon' the contract." *Hooban v. Unicity Int'l, Inc.*, 2012 UT 40, ¶ 32, 285 P.3d 766 (quoting Utah Code Ann. § 78B-5-826 (LexisNexis 2012) (reciprocal-attorney-fees statute)). And Utah appellate courts have "interpreted attorney fee statutes broadly so as to award attorney fees on appeal where a statute initially authorizes them." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (citation and internal quotation marks omitted).

¶14     Mitchell's request for attorney fees is therefore dependent on a determination that the Declaration entitles a prevailing party to recover its fees. However, as discussed above, the Declaration is not in the record on appeal. And Mitchell has not otherwise shown that the provisions of the Declaration would entitle her to an award of fees below or on appeal. We therefore conclude that Mitchell has failed to demonstrate her entitlement to an award of attorney fees incurred on appeal, and we deny that request.

¶15     Mitchell also requests an award of fees under the private-attorney-general doctrine. An award of fees under the private-attorney-general doctrine is appropriate "only when the vindication of a strong or societally important public policy takes place and the necessary costs in doing so transcend the individual plaintiff's pecuniary interests to an extent requiring subsidization." *Carrier v. Salt Lake County*, 2004 UT 98, ¶ 42, 104 P.3d 1208 (citation and internal quotation marks omitted). Mitchell asserts that this standard is satisfied by her "bringing to light through this appeal the systematic violation of thousands of debtors' rights at the trial court level by [Pepperwood's] counsel (and other collection attorneys taking the same unlawful tactics), often with the blessing of indifferent trial courts." There is nothing in the record to support this claim. While Mitchell did identify an error in the proceedings below, it does not appear that Mitchell has vindicated any rights other than her own. We therefore deny her request for attorney fees under the private-attorney-general doctrine.[4]

---

4. It is also unclear whether a claim for fees under the private-attorney-general doctrine may be asserted for the first time on appeal. *See Carrier v. Salt Lake County*, 2004 UT 98, ¶ 43, 104 P.3d 1208 (refusing to consider a request for attorney fees under the private-attorney-general doctrine because the prevailing party "failed to preserve the issue by raising it before the district court"). However, because we conclude that Mitchell's request

(continued…)

¶16 Pepperwood failed to introduce evidence sufficient to demonstrate its entitlement to summary judgment. The district court therefore plainly erred in granting Pepperwood's motion for summary judgment. We reverse the district court's grant of summary judgment, vacate its award of attorney fees to Pepperwood, and remand for further proceedings consistent with this decision.

————————

(…continued)
for attorney fees on this basis is without merit, we need not decide whether her failure to raise this issue below precludes consideration of this doctrine on appeal.