2017 UT App 16

## THE UTAH COURT OF APPEALS

PENN SMITH AND VALDEN CRAM,
Appellees,
*v.*
JOHN H. KIRKLAND, KEVIN B. KIRKLAND, DAVID R. KIRKLAND,
LINTON C. KIRKLAND, HYLAN F. KIRKLAND, MARY RUTH COOPER,
JAMES H. KIRKLAND, RICHARD A. KIRKLAND, EPHRAIM B.
KIRKLAND, KIRK B. KIRKLAND, BENJAMIN T. KIRKLAND,
STEVEN E. KIRKLAND II, AND DANIEL B. KIRKLAND,
Appellants.

Opinion
No. 20150637-CA
Filed January 26, 2017

Fifth District Court, St. George Department
The Honorable G. Michael Westfall[1]
No. 060501773

William F. Rummler and Christopher A. Lund,
Attorneys for Appellants

Nicholas I. Chamberlain, Attorney for Appellees

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN concurred.

TOOMEY, Judge:

¶1     The Beneficiaries of the Terrestrial Kingdom of God Trust
appeal the orders of the district court granting summary
judgment in favor of Penn Smith and Valden Cram. We affirm in
part and reverse in part.

---

1. The original judge assigned to this case was the Honorable
James L. Shumate. After Judge Shumate retired, the case was
reassigned to Judge Westfall in 2014.

BACKGROUND

¶2     Steven E. Kirkland (the Trustor) created the Terrestrial Kingdom of God Trust (the Trust) in 1993 and named several relatives as Beneficiaries.

¶3     The Trustor appointed Valden Cram and Penn Smith as two of the original Trustees in 1993. The Trust required the Trustor to "prepare and deliver" Lease and Stewardship Agreements, signed by the Trustor and the Trustees, to the Beneficiaries. The Trustor did not deliver these agreements before he died. Instead, the Trustees delivered the agreements and the Trust has been functioning since 1993.

¶4     The Declaration of Trust designated that the Trustees would serve without pay, but it allowed the Trustees to appoint one person as manager who was to be paid "reasonable compensation" as determined by the Board of Trustees. In 2005, the Board amended the Declaration of Trust to include four paid positions, including a manager and an assistant manager who would each be paid $50 an hour.[2] In 2006, the Board appointed Smith as manager and Cram as assistant manager, and they began charging the Trust for their services.

¶5     In September 2006, a board of arbitration determined that the Trust permitted the appointment of a trust manager, but that it was "gross negligence" for the Trustees to appoint themselves to paid positions and that such action was in breach of the basic intent of the Trust. The 2006 Arbitration Board also indicated that some actions taken by Smith as manager were outside of his

---

2. The Declaration of Trust does not grant the Board of Trustees the power of amendment. The Declaration of Trust states that it "shall serve as the complete and official guide for the Trustees in the pursuit and performance of their duties hereunder; and that they shall have only such authority, powers, and duties as are conferred herein."

assigned functions, and that Smith was "grossly negligent" for attempting to deal with these matters and charging the Trust for the time spent on them.

¶6     Two weeks later, Smith filed a lawsuit against the Trust, seeking compensation for his services. Cram, representing the Trust, was listed as a defendant. Smith did not inform the Beneficiaries of his intentions to sue. Because the suit went unopposed, default judgment was entered and Smith placed a lien on Trust property. Cram did not inform the Beneficiaries of the property lien. After learning of the default judgment, the Beneficiaries intervened in the lawsuit and filed a complaint against Smith and Cram (collectively, the Appellees)[3], claiming various breaches of fiduciary duties and conversion of Trust assets.[4]

¶7     The dispute between the Beneficiaries and the Appellees went before another arbitration board in 2007. The 2007 Arbitration Board concluded that "the Trustees have acted in the best interest of the Trust" but concluded that the "matters dealing with facts in controversy between the Trustees . . . and the Trust Beneficiaries are being adjudicated by all parties in the . . . 5th District Court and final judgment of that controversy should be left to that court."

---

3. Because Smith and Cram are not the only Trustees of the Trust, they are referred to collectively as the Appellees instead of the Trustees.

4. The Beneficiaries moved to intervene in Case No. 060501773 and also filed a new suit against Smith and Cram, Case No. 060502132. Additionally, Smith and Cram filed another suit against the Beneficiaries, Case No. 060502129. In January 2007, the court consolidated these three cases together under Case No. 060501773.

¶8     Litigation continued over the course of the next six years, with several notable developments. In April 2008, the Beneficiaries filed motions to remove the Appellees as Trustees for breaches of fiduciary duty and to void their allegedly self-serving transactions. The district court granted those motions. Over a year later, the court, without explanation, set aside its order granting the motions.

¶9     In May 2013, the Appellees filed a motion for summary judgment, claiming that the Trust was valid, that Smith was entitled to compensation, and that the Trustees did not breach their fiduciary duties. The district court granted summary judgment on the validity issue, but denied summary judgment on the breach and compensation issues, concluding there were "genuine issues of material fact" regarding "the amount, if any, to which [Smith] is entitled for his work as Manager" and regarding whether the Trustees have "breached their various duties to the Beneficiaries." The court reserved these issues for trial.

¶10    Forty-five days later, the Appellees filed another motion for summary judgment on the same breach and compensation issues. No further discovery had taken place, and the Appellees included only two additional documents in support of this second motion for summary judgment.

¶11    The Beneficiaries filed a motion to strike the Appellees' second motion for summary judgment, arguing the law of the case doctrine precluded the Appellees from reopening the same issues on a second motion for summary judgment. The Beneficiaries also argued that the two additional documents were inadmissible hearsay. The Beneficiaries mistakenly believed that their motion to strike stayed the time to submit an opposition to the motion for summary judgment, and they filed no opposition to it.

¶12    In November 2013, three months after the Appellees filed their second motion for summary judgment, the district court held a pretrial conference. The court heard oral argument on the

motion to strike and the motion for summary judgment, and granted the motion for summary judgment in its entirety, which included an award of attorney fees. The Beneficiaries filed a motion to reconsider and two rule 60(b) motions for relief from judgment, each of which was denied. The Beneficiaries appeal.

## ISSUES

¶13   The Beneficiaries raise four issues on appeal. First, they contend the district court erred when it granted the Appellees' second motion for summary judgment. Second, the Beneficiaries argue the court abused its discretion by denying their first rule 60(b) motion. Third, they contend that the court's award of attorney fees to the Appellees was improper. Fourth, they argue the court erred when, on the first motion for summary judgment, it determined that any failure to prepare and deliver the Lease and Stewardship Agreements did not invalidate the Trust.

## ANALYSIS

### I. The Second Motion for Summary Judgment

¶14   The Beneficiaries first contend there were genuine issues of material fact that should have precluded the grant of summary judgment. The Beneficiaries did not file an opposition to the second motion for summary judgment. They argue that even though the Appellees' motion went unopposed, the court erred by granting summary judgment.

¶15   "We review a district court's grant of summary judgment for correctness and afford no deference to the court's legal conclusions." *Basic Research LLC v. Admiral Ins.*, 2013 UT 6, ¶ 5, 297 P.3d 578 (citation and internal quotation marks omitted). We view "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted).

¶16   Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c) (2013).[5] "Each fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." *Id.* R. 7(c)(3)(A).[6] However, "summary judgment may not be entered against the nonmoving party merely by virtue of a failure to oppose"; rather, a court may grant summary judgment against a defaulted party "only 'if appropriate.'" *Pepperwood Homeowners Ass'n v. Mitchell*, 2015 UT App 137, ¶ 6, 351 P.3d 844 (quoting Utah R. Civ. P. 56(e)).

¶17   The Appellees' second motion for summary judgment raised two issues: (1) how much, if any, compensation Smith was owed for his services as Trust manager, and (2) whether the Appellees, as Trustees, had breached their fiduciary duties to the Beneficiaries. These were the same issues raised in the Appellees' first motion for summary judgment, which the court denied, stating there were "genuine issues of material fact" regarding these two claims and reserving them for trial.

¶18   The Beneficiaries argue that even though they did not file an opposition memorandum, the evidence the Appellees presented in their motion did not entitle them to summary judgment. In support of their second motion for summary judgment, the Appellees submitted much of the same evidence they had used in support of their first motion. In fact, the

---

5 .The district court's decision was in 2013, and we therefore cite the version of the Utah Rules of Civil Procedure that was in effect at the time of those proceedings.

6. In the current edition of the Utah Rules of Civil Procedure, similar language can be found under rule 56(a)(2)–(4).

Appellees submitted only two additional documents—a decision from the 2007 Arbitration Board in support of the breach issue and a "Trust Management Example" in support of the compensation issue. The Beneficiaries assert the 2007 Arbitration Board's decision is irrelevant to the proceedings before the court and inadmissible. They likewise claim the Trust Management Example is inadmissible. The Beneficiaries claim that the court erred in granting the second motion for summary judgment because the district court denied the Appellees' first motion for summary judgment and because their second motion for summary judgment was supported by no additional admissible evidence.[7] We agree.

---

7. The Beneficiaries also assert that the law of the case doctrine precluded the Appellees from "reopening the same issues" where the district court had previously denied summary judgment. They cite *IHC Health Services Inc. v. D & K Management Inc.*, 2008 UT 73, 196 P.3d 588, for the proposition that, "[w]hile a case remains pending before the district court prior to any appeal, the parties are bound by the court's prior decision." *Id.* ¶ 27. But the Beneficiaries ignore the next few lines of that case, which explain that "the court remains free to reconsider that decision . . . sua sponte or at the suggestion of one of the parties." *Id.* "As long as the case has not been appealed and remanded, reconsideration of an issue before a final judgment is within the sound discretion of the district court." *Id.*; *see also Mid-America Pipeline Co. v. Four-Four Inc.*, 2009 UT 43, ¶ 11, 216 P.3d 352 (explaining that the law of the case doctrine "does not prohibit a district court judge from revisiting a previously decided issue" but rather allows a court "to decline to revisit issues within the same case once the court has ruled on them" (citation and internal quotation marks omitted)). Accordingly, we conclude that the law of the case doctrine did not prevent the district court from considering a second motion for summary judgment.

¶19    Rule 56 of the Utah Rules of Civil Procedure sets out the requirements for affidavits that accompany a motion for summary judgment. Utah R. Civ. P. 56(e). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* Thus, "[i]nadmissible evidence cannot be considered in ruling on a motion for summary judgment." *Sandy City v. Salt Lake County*, 794 P.2d 482, 487 (Utah Ct. App. 1990), *rev'd in part on other grounds*, 827 P.2d 212 (Utah 1992). Rule 56 suggests that when a motion for summary judgment is not supported as provided by the rule, an adverse party may rest upon the allegations or denials of the pleadings. *See* Utah R. Civ. P. 56(e). First then, we must determine whether the Appellees' second motion for summary judgment was supported by admissible evidence not contained in the first motion.

A.    The Breach Issue Was Not Supported by Additional Admissible Evidence.

¶20    In their second motion for summary judgment, the Appellees provided five facts and one paragraph of argument, purportedly demonstrating that there was no genuine issue of material fact as to whether the Appellees breached their fiduciary duties. The Appellees argued that the 2007 Arbitration Board had considered the dispute between the parties and concluded "the Trustees have acted in the best interest of the Trust." The Appellees' sole argument for summary judgment was that because "[a]n objective arbitration board . . . found no breach of Trustee's duties to the Beneficiaries," there was no genuine issue of material fact. The only evidence submitted in support of this argument was the decision of the 2007 Arbitration Board.

¶21    The Beneficiaries claim the Appellees misrepresented the decision of the 2007 Arbitration Board. The Appellees quoted one line from the Board's decision in support of their position.

But the decision also explained that there was a case pending in district court on the same matters the Board was considering, and stated "the final judgment of that controversy should be left to that court." The Board only concurred that "the Trustees acted in the Trust's best interest" "in all matters *not before* the Washington County, Utah 5th District Court." (Emphasis added.) Furthermore, throughout its decision, the Board reiterated that certain issues were being adjudicated in the district court and that "judgment should be left to that court."

¶22    On its face, the 2007 Arbitration Board's decision avoided resolving matters that were then before the district court. Any conclusion of the Board that the Trustees did not breach their fiduciary duties therefore had no bearing on this lawsuit and so cannot be used as a basis for concluding there is no genuine issue of material fact. Because the 2007 Arbitration Board's decision explicitly avoided resolving any matter then before the district court, the decision does not make the alleged breach of fiduciary duties more or less probable. As the decision is not relevant to the issues raised in the district court, it is therefore not admissible and should not have been considered. *See* Utah R. Evid. 401(a), 402.

B.    The Compensation Issue Was Not Supported by Additional Admissible Evidence.

¶23    As to whether Smith was entitled to compensation, and the amount thereof, the Appellees supplied four facts and two paragraphs of argument. The facts refer to four documents, three of which were used in support of the Appellees' first motion for summary judgment. The only additional evidence identified in the second motion was an example regarding trust management, used to show that the fee Smith charged was reasonable. The Appellees claimed that "[i]n researching other Trust managers in Southern Utah, it is purported by the Plaintiff and Trustees that the amount of $50 an hour for Trust management is more than reasonable. See Exhibit V, Example regarding Trust Management[.]" Exhibit V was a fee schedule from the Western

National Trust Company. For several reasons, this Trust Management Example is inadmissible and irrelevant, and because of this, the Appellees' assertion that the $50 fee is reasonable is unsupported.

¶24    First, the Utah Rules of Evidence require authentication of any item of evidence. "To satisfy the requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Utah R. Evid. 901(a). There are several ways of authenticating a document, including testimony from a witness with knowledge "that [the] item is what it is claimed to be." *See id.* R. 901(b)(1). There is no evidence or testimony demonstrating that the Trust Management Example is what the Appellees claim it to be. Nor is there evidence of any other authentication; the Appellees merely cited this document as support for their assertion that $50 an hour was a reasonable fee and attached the document to their memorandum. Because the Trust Management Example is unauthenticated it is inadmissible. In addition, because there is no accompanying affidavit, there is no evidence that it was made on "personal knowledge" as rule 56 of the Utah Rules of Civil Procedure requires. *See* Utah R. Civ. P. 56(e).

¶25    Next, rule 7 of the Utah Rules of Civil Procedure requires a memorandum supporting a motion for summary judgment to contain a statement of material facts and requires each fact to "be separately stated and numbered and supported by citation to relevant materials." *Id.* R. 7(c)(3)(A).[8] The Appellees cited the Trust Management Example in support of their claim that, "[i]n researching other Trust managers in Southern Utah, it is purported by the Plaintiff and Trustees that the amount of $50 an hour for Trust management is more than reasonable." However, the Trust Management Example does not support this

---

8. Similar language appears in rule 56(a)(1) of the current Utah Rules of Civil Procedure.

assertion. The document lays out a fee schedule for the "Western National Trust Company." Most of the fees outlined in the Trust Management Example are either flat fees for particular services rendered or else are based upon a percentage of the annual market value of investments. The document indicates only one hourly rate, $150 an hour for "extraordinary services rendered," but it does not specify what qualifies as an extraordinary service. The information from the Trust Management Example does not shed any light on whether $50 an hour is reasonable compensation for a trust manager, especially where the Appellees have not indicated what types of services Smith rendered to the Trust. Furthermore, the Appellees claimed that this document was indicative of their research of "other Trust managers in Southern Utah," but they do not show how the Western National Trust Company is connected to Utah, nor do they demonstrate evidence of compensation for any other trust managers in the region. Thus, the Trust Management Example lends no support to the Appellees' assertion that Smith's compensation was reasonable.

¶26 Because the Trust Management Example was unauthenticated and does not meet the requirements of rules 7 and 56 of the Utah Rules of Civil Procedure, it is inadmissible to support the claim that Smith's compensation was reasonable.

¶27 In sum, the only allegedly new evidence the Appellees provided in support of the breach and compensation issues was inadmissible and therefore could not be considered in ruling on the motion for summary judgment. *See Sandy City v. Salt Lake County*, 794 P.2d 482, 487 (Utah Ct. App. 1990), *rev'd in part on other grounds*, 827 P.2d 212 (Utah 1992).

C.    The District Court Erred by Granting Summary Judgment.

¶28 We next address whether the district court incorrectly granted the Appellees' second motion for summary judgment when it had denied summary judgment earlier, and where the

second motion for summary judgment was not supported by any additional admissible evidence.

¶29    Although the Beneficiaries did not oppose the second motion for summary judgment, given the history of this case and the lack of new evidence supporting the second motion, the court was aware there were genuine issues of material fact that precluded summary judgment. The district court, just forty-five days earlier, had reserved the breach and compensation issues for trial, specifically determining there were genuine issues of material fact regarding both issues. No discovery took place between the two motions for summary judgment, and the second motion had readily apparent deficiencies. For example, it alleged a small number of facts that were meagerly supported by inadmissible evidence, it misrepresented the decision of the 2007 Arbitration Board, and it limited its argument to just a few paragraphs. These flaws were apparent on the face of the motion and were also identified in the Beneficiaries' motion to strike.

¶30    At the same time, the court was not precluded from reconsidering the breach and compensation issues on a second motion for summary judgment. *See supra* note 7. A district court "is not inexorably bound by its own precedents," although "prior relevant rulings made in the same case are generally to be followed." *Salt Lake City Corp. v. James Constructors Inc.*, 761 P.2d 42, 45 (Utah Ct. App. 1988) (citation and internal quotation marks omitted). But typically, when a district court revisits an issue on a second motion for summary judgment, new evidence has come to light. *See Unifund CCR LLC v. Shung Chan*, 2014 UT App 25, ¶¶ 1–3, 6, 318 P.3d 782 (per curiam) (affirming a grant of summary judgment where a factual deficiency in the first motion was corrected in the second motion); *Lamarr v. Utah State Dep't of Transp.*, 828 P.2d 535, 537 n.2 (Utah Ct. App. 1992) ("The trial court is free to reconsider its earlier decision, especially when . . . a party supports a second motion for summary judgment with additional evidence."); *James Constructors*, 761 P.2d at 45 (affirming the district court's refusal to reconsider a motion for summary judgment where the party "did not present

any legal theories that had not already been considered" and did not present any "new, material facts that were not before the court at the time of the original decision to grant the judgment").

¶31    Here, however, the new evidence was inadmissible, and the district court relied on this evidence when it granted the second motion for summary judgment. In addition, the court was aware of the deficiencies of the second motion, as they were apparent on its face. The court's decision relied on improper evidence and gave no other explanation for why it would grant summary judgment just weeks after initially denying it. Thus, the court's reliance on this evidence and its decision granting the second motion for summary judgment in favor of the Appellees is incorrect, and we therefore reverse.[9]

## II. The Rule 60(b) Motion

¶32    Next, the Beneficiaries contend the district court erred in denying their rule 60(b) motion to set aside the final judgment. This issue has become moot. "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Frito-Lay v. Utah Labor Comm'n*, 2009 UT 71, ¶ 33, 222 P.3d 55 (citation and internal quotation marks omitted).

¶33    Rule 60(b) of the Utah Rules of Civil Procedure allows a court, in the furtherance of justice, to "relieve a party or his legal representative from a final judgment." Utah R. Civ. P. 60(b). The Beneficiaries argue the district court should have granted them

---

9. The Beneficiaries also contend that the district court erred in granting summary judgment because three of their causes of action were not included in the second motion for summary judgment. Because we reverse the district court's grant of summary judgment on other grounds, we do not reach this issue.

relief from its order denying summary judgment. In light of our decision reversing the district court's grant of summary judgment, this relief has been granted. The rule 60(b) issue is therefore moot, and we need not address it further.

### III. Attorney Fees

¶34    The Beneficiaries also challenge the district court's award of attorney fees to the Appellees. Because we reverse the district court's order granting summary judgment, we also vacate the attorney fees that were awarded in connection with that order.

### IV. Validity of the Trust

¶35    The Beneficiaries' final contention is that the district court incorrectly granted summary judgment when it determined that the failure of the Trustor to prepare or deliver the Lease and Stewardship Agreements before his death did not invalidate the Trust.

¶36    As stated, we review the district court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and view the facts and all reasonable inferences in a light most favorable to the nonmoving party. *See Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600. The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c); *see Orvis*, 2008 UT 2, ¶ 10.

¶37    The parties do not dispute that the Declaration of Trust required the Trustor to "prepare and deliver" Lease and Stewardship Agreements, and that these agreements were not delivered before the Trustor's death. Rather, they dispute whether the Trustor's failure to deliver these agreements invalidated the trust. On the first motion for summary judgment, the district court concluded that this failure did not invalidate the trust. The court did not elaborate on how it came to this conclusion.

¶38    The Utah Code provides that a district court "may modify the administrative or dispositive terms of a trust or terminate the trust if, because of circumstances not anticipated by the settlor, modification or termination will further the purposes of the trust. To the extent practicable, the modification must be made in accordance with the settlor's probable intention." Utah Code Ann. § 75-7-412(1) (LexisNexis Supp. 2016).

¶39    Under this statute, a district court would be able to modify the terms of the Trust if an unexpected event occurred. Even though the Trust required the Lease and Stewardship Agreements to be prepared, delivered, and signed by the Trustor, the district court could modify these terms to allow the Trust's purposes to be carried out. *See* Restatement (Third) of Trusts § 66 reporter's notes, cmt. a (Am. Law Inst. 2003) ("Even though the settlor has expressly forbidden what the court permits to be done, the theory is that he would not have forbidden it, but on the contrary would have authorized it if he had known of or anticipated the circumstances.").

¶40    The Declaration of Trust demonstrated that the Trustor's intention was for the Lease and Stewardship Agreements to be issued. The Declaration provided that "the Trustor and Trustees shall issue Stewardships for and among [the] designated Beneficiaries with signed Lease and Stewardship Agreements" and listed several beneficiaries who were to receive these stewardships and agreements. The death of the Trustor before the delivery of the agreements could be seen as an unanticipated circumstance, and as such, the only modification required to further the intent of the Trustor was to allow the Trustees to prepare and deliver the Lease and Stewardship Agreements.

¶41    Because the Utah Code allows a court to modify the terms of a trust when an unanticipated event occurs, the district court correctly concluded that the Trust was not invalidated when the Trustor was unable to prepare or deliver the agreements before his death. Accordingly, the district court was correct in granting summary judgment on this issue.

CONCLUSION

¶42 We reverse the district court's grant of the second motion for summary judgment because its decision relied on inadmissible evidence and because genuine issues of material fact existed regarding the breach and compensation issues. Because we reverse the court's grant of summary judgment, we vacate its award of attorney fees. We decline to address the district court's denial of the first rule 60(b) motion, as this issue now has no bearing on the relief requested. Finally, we affirm the court's grant of summary judgment regarding the validity of the Trust.

_____