**2015 UT App 7**

## THE UTAH COURT OF APPEALS

ADVANCED FORMING TECHNOLOGIES, LLC,
Plaintiff and Appellant,

*v.*

PERMACAST, LLC; GARY CRADDOCK; AND
PAXTON CRADDOCK,
Defendants and Appellees.

Opinion
No. 20130949-CA
Filed January 8, 2015

Third District Court, West Jordan Department
The Honorable Barry G. Lawrence
No. 090404693

Michael A. Stout and Jack W. Reed,
Attorneys for Appellant

Peter H. Barlow, Sadé A. Turner,
and S. Spencer Brown, Attorneys for Appellees

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES JAMES Z. DAVIS and KATE A. TOOMEY concurred.

ORME, Judge:

¶1     Advanced Forming Technologies, LLC (AFTEC) appeals the trial court's grant of summary judgment in favor of Permacast, LLC and two of its principals, Gary Craddock and Paxton Craddock (collectively, Permacast). Because Permacast failed to show that it was entitled to judgment as a matter of law, we reverse.

BACKGROUND[1]

¶2      AFTEC is a Utah company that manufactures and licenses a patented concrete wall system called StoneTree. In March 2006, Permacast secured a license to use the StoneTree system for a territory in Florida.[2] According to the licensing agreement, Permacast would purchase the StoneTree proprietary equipment from AFTEC for an amount exceeding $260,000 and pay it $5,000 per year as a licensing fee. AFTEC did not receive any commission on the walls that Permacast built. Among other things, the agreement required Permacast to actively market the StoneTree brand by putting a link to AFTEC's website on Permacast's website, using the StoneTree logo on all promotional materials, and marking the StoneTree name on all equipment and finished concrete walls.

¶3      Nearly three years later, AFTEC wrote a letter to Permacast asserting that Permacast had violated the licensing agreement by failing to properly mark the StoneTree system components it installed, claiming AFTEC's intellectual property as its own, providing sub-standard installation, marketing the StoneTree system outside of its authorized territory, and promoting and using a competing system. AFTEC also complained that Permacast had not put a link on its website to AFTEC's website. As a result, AFTEC terminated the licensing agreement on February 19, 2009.

¶4      Two weeks later, AFTEC sued Permacast for breach of contract and interference with economic and contractual relations. After the original deadlines for discovery had passed, both AFTEC

---

1. In reviewing a trial court's grant of summary judgment, we recite the facts and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party—in this case, AFTEC. *See Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600.

2. When Permacast first entered into the licensing agreement with AFTEC, it operated under a different name. For the sake of clarity, we use "Permacast" throughout.

and Permacast decided they needed more time. They stipulated to—and the court approved—an open-ended discovery period that has not been modified since.

¶5     In June 2012, Permacast moved for summary judgment, arguing that AFTEC "failed to provide any evidence showing damages" on either its breach-of-contract or economic-interference claim. In its opposition memorandum, AFTEC argued that it could prove the fact of damages, even if it could not yet specify the precise amount of damages. AFTEC estimated that from 2006 to 2008, it spent approximately $1.3 million in advertising, marketing, web design, and technical support for its licensees. AFTEC claimed that about $560,000 of those costs were allocable to Permacast. AFTEC argued that because of Permacast's breach, the money had been wasted and should be considered as damages. Gale Stott, the owner of AFTEC, admitted in a deposition that he would need an expert to prove AFTEC's damages. AFTEC also argued that Permacast's motion was premature because discovery was still open. Because of this, AFTEC asserted that it needed only "to show generally, as is allowed in the pleading stage, the amount of its alleged damages and then quantify those damages through further fact and expert discovery."

¶6     The trial court determined that the $560,000 in damages that AFTEC claimed was "not sufficiently broken down into actual damages" and agreed that an expert witness would be required to establish damages. Because AFTEC had not sought a continuance under rule 56(f) of the Utah Rules of Civil Procedure to provide expert–witness testimony, the trial court granted Permacast's motion for summary judgment. AFTEC appeals.

ISSUE AND STANDARD OF REVIEW

¶7     AFTEC appeals the trial court's grant of summary judgment. We review the trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness. *See Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600.

ANALYSIS

¶8      Resolution of this appeal turns on the proper application of rule 56 of the Utah Rules of Civil Procedure. To begin with, rule 56(b) provides that a defendant "may, at any time, move for summary judgment." Utah R. Civ. P. 56(b). As a result, a defendant may move for summary judgment before discovery is closed, as happened here. If a defendant chooses to do so, it bears the burden of proving it is entitled to judgment as a matter of law. *See id*. R. 56(c); *Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 29, 284 P.3d 630. A plaintiff may avoid the entry of summary judgment against it either by establishing that the material facts on which the defendant relies are disputed or that, even if the facts are as the defendant claims, the defendant is not entitled to judgment as a matter of law. *See Jones & Trevor*, 2012 UT 39, ¶ 29. If a plaintiff is not prepared to oppose a properly framed motion at that time, it can seek a continuance under rule 56(f). *See* Utah R. Civ. P. 56(f).

¶9      When a moving party makes and supports a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of the pleadings, but the response . . . must set forth specific facts showing that there is a genuine issue for trial." *See id*. R. 56(e). If, however, the moving party fails to properly support its motion for summary judgment, the non-moving party is permitted to "rest on the allegations in [its] pleadings." *See Parrish v. Layton City Corp.*, 542 P.2d 1086, 1087 (Utah 1975).

¶10     In this case, it appears that there was not a genuine issue of material fact. But the thrust of Permacast's motion was not that it was entitled to judgment as a matter of law given those facts. Rather, Permacast claimed that AFTEC had not provided adequate evidence of damages and had failed to disclose any expert witnesses. In reply, AFTEC claimed it spent $560,000 in advertising, marketing, and support that was allocable to Permacast, but AFTEC admitted that it had not yet identified an expert witness

able to fully calculate and explain its damages.[3] It is undisputed that AFTEC will eventually require an expert witness to prove damages—especially considering that "[a]dvertising and marketing costs considered alone . . . do not provide evidence of either the fact or the amount of . . . damages." *Stevens–Henager Coll. v. Eagle Gate Coll.*, 2011 UT App 37, ¶ 26, 248 P.3d 1025. Permacast, AFTEC, and the trial court all agree that AFTEC will eventually need an expert witness to prove its case and that it has not yet engaged an expert witness. They disagree only about where this leaves AFTEC in the face of Permacast's motion for summary judgment.

¶11    As indicated above, having filed its motion for summary judgment before the close of discovery and before any obligation on the part of AFTEC to retain an expert had ripened, Permacast was required to prove that it was "entitled to a judgment as a matter of law." *See* Utah R. Civ. P. 56(c). Permacast failed to do so. In fact, Permacast failed to even *assert* that it was entitled to judgment as a matter of law. Instead, it focused on the facts of record and claimed only that "AFTEC has failed to provide any evidence showing damages." Considering that discovery has not yet closed, there is nothing unusual or inappropriate about the fact that AFTEC has not yet proved its damages. There appears to be no legal basis for requiring a plaintiff to prove its damages before presentation of its case-in-chief at trial, unless it is required to do so in the face of a well-supported motion for summary judgment

---

3. On appeal, AFTEC argues that the trial court should have granted a continuance under rule 56(f) because AFTEC substantively argued that it needed more time to present an expert witness even if it did not explicitly make a rule 56(f) motion. But in response to the trial court's questions about why AFTEC had not filed a rule 56(f) motion, AFTEC affirmatively represented that it did not need a continuance under rule 56(f). Therefore, if the trial court erred in any way regarding rule 56(f), that error was invited by AFTEC, and we do not address it. *See State v. Dunn*, 850 P.2d 1201, 1220 (Utah 1993).

purporting to demonstrate that plaintiff suffered no damages as a matter of law.[4]

¶12    In some cases, apparently including this one, expert testimony is required to prove an element of a claim. *See, e.g.*, *Morgan v. Intermountain Health Care, Inc.*, 2011 UT App 253, ¶¶ 14–16, 263 P.3d 405. If a plaintiff in such a case fails to designate an expert before the close of discovery or other stated deadline for doing so, the plaintiff, as a matter of law, will be incapable of proving its claim and summary judgment will be appropriate. *See id.* ¶¶ 5, 18; *Paget v. Department of Transp.*, 2014 UT App 62, ¶ 4, 322 P.3d 1180 (holding, in a case where the deadline for designating experts had come and gone, that "even though UDOT has not established that its design met the applicable standard of care as a matter of law, our determination that the trial court did not err in excluding the Pagets' expert leads us to the conclusion that summary judgment in favor of UDOT was appropriate"). In essence, this scenario compels a legal determination that the plaintiff will *never* be able to prove a necessary element of its claim, as opposed to the circumstances in the case before us, namely that the plaintiff has not *yet*, with discovery still ongoing, proven a necessary element of its claim.

¶13    In this case, both parties agreed to an open-ended discovery period, and this arrangement, approved by the trial court, had not been modified when Permacast brought its motion for summary judgment. Without a discovery cut-off or a deadline for designating expert witnesses, AFTEC was still free to line up an expert witness

---

4. Parties are required to include in their initial disclosures "a computation of any damages claimed and a copy of all discoverable documents or evidentiary material on which such computation is based, including materials about the nature and extent of injuries suffered." Utah R. Civ. P. 26(a)(1)(C). This sharing of information is for discovery purposes, and it must be supplemented, as necessary, if "incomplete or incorrect." *See id.* R. 26(d)(5).

who could testify about the lost profits or other damages resulting from Permacast's breaches.

¶14    The trial court appears to have believed, however, that the case had dragged on for too long, noting that the hearing for summary judgment took place "nearly four years after the Complaint was filed." While this is certainly a long time—and in a more typical case, with the usual array of pretrial deadlines in place, it would most likely be well beyond the deadline for concluding discovery and designating expert witnesses—it was inconsequential in this case given the open-ended discovery agreement of the parties that was approved by the court, albeit through a judge previously assigned to the case, and which was still in effect.

¶15    If Permacast determined that the open-ended discovery protocol was no longer satisfactory or was being abused by AFTEC, it could have requested a status conference at any time, according to the terms of the discovery order, "to set firm dates." It did not do so. Instead, Permacast moved for summary judgment. That motion did not demonstrate its entitlement to judgment as a matter of law but argued only that AFTEC had failed to "provide any evidence showing damages." Permacast did not argue that AFTEC would never be able to prove damages. And it did not argue—as, indeed, it could not—that the deadline for AFTEC to line up an expert witness had come and gone. As a matter of law, it is impossible at this point in the discovery process to conclude that AFTEC will never be able to provide evidence of damages. Therefore, Permacast's motion for summary judgment should have been denied.


CONCLUSION

¶16    Because Permacast failed even to assert that it was entitled to judgment as a matter of law, much less to prove it, we conclude that Permacast did not properly make and support its motion for summary judgment. *See* Utah R. Civ. P. 56(e). Accordingly, AFTEC

was not required to "set forth specific facts showing that there [was] a genuine issue for trial." *See id*. Instead, AFTEC should have been permitted to "rest on the allegations in [its] pleadings," *see Parrish v. Layton City Corp.*, 542 P.2d 1086, 1087 (Utah 1975), pending the close of discovery and the expiration of the time available to it for engaging an expert. Accordingly, we reverse the trial court's grant of summary judgment and remand for trial or such other proceedings as may now be in order.

——————