**2016 UT App 82**

## THE UTAH COURT OF APPEALS

ROBERT PORTER,
Appellant,
*v.*
EB GOLF LLC,
Appellees.

Memorandum Decision
No. 20150215-CA
Filed April 28, 2016

Second District Court, Ogden Department
The Honorable Michael D. DiReda
No. 130904307

Craig T. Jacobsen, Attorney for Appellant

David S. Bridge, Dustin D. Gibb, and Alisha M.
Giles, Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE GREGORY K. ORME and SENIOR JUDGE
PAMELA T. GREENWOOD concurred.[1]

CHRISTIANSEN, Judge:

¶1     Robert Porter appeals the district court's grant of
summary judgment to EB Golf LLC (EB Golf). Porter contends
that the district court inappropriately concluded that, as a matter
of law, he would not be able to establish damages. We affirm.

_____

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

BACKGROUND

¶2     This dispute has a long history, spanning nearly fifteen years. EB Golf owns and operates Eagle Lake Golf Course in Roy, Utah. Porter owns land adjacent to the golf course and a house on that land. Porter sued EB Golf in July of 2007, alleging negligence, nuisance, and trespass for flooding that began in the early 2000s. Porter sought damages "equaling the value of his home and property," and explained that the house was "most likely unsalvageable." In April 2012, the district court dismissed that lawsuit with prejudice due to Porter's failure to prosecute it.

¶3     Porter filed the present lawsuit on July 19, 2013, alleging causes of action identical to those in the previous lawsuit: negligence, nuisance, and trespass. Porter asserts that the court in the previous lawsuit had limited his claims "to all activities and damages that had accrued as of the commencement of that lawsuit [on] July 10, 2007." Porter further asserts that the claims in the current lawsuit are for damage caused by recurring flooding after July 10, 2007.

¶4     On August 27, 2013, EB Golf filed a motion to dismiss, arguing that Porter's claims were barred by res judicata and the applicable statute of limitations. Ultimately, the district court considered matters outside of the pleadings, treated EB Golf's motion to dismiss as a motion for summary judgment, and granted summary judgment to EB Golf. The district court's written order concluded, "Based on the arguments presented in [EB Golf's] Memoranda, and as a result of Mr. Porter's claims in the [earlier case], the Court holds that Mr. Porter cannot establish damages in the present case as a matter of law. Moreover, there is no genuine issue of material fact precluding summary judgment."[2]

---

2. The district court's reasoning is not explained in its brief written order of summary judgment. But neither party objected

(continued…)

ISSUE AND STANDARD OF REVIEW

¶5      Porter contends that the district court erred by granting summary judgment to EB Golf. We review "a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and view[] the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶6      On appeal, both parties focus on the issues of res judicata and the applicable statute of limitations. However, because the district court granted summary judgment due to a lack of provable damages, our review focuses on that determination. *But see infra* ¶ 9 n.5.

ANALYSIS

¶7      Summary judgment will be granted "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a).[3] The moving party has the burden of presenting evidence to demonstrate that no genuine issue of material fact exists and that judgment as a matter of law is proper. *Id.* R. 56(a), (e). However, once the moving party challenges an element of the nonmoving party's case on the basis

---

(…continued)
to the adequacy of that order, and Porter's counsel approved it as to form.

3. Since the rulings in this case, rule 56 of the Utah Rules of Civil Procedure has been amended to adopt the style of the equivalent Federal Rule of Civil Procedure 56. Because the amendment did not change the substantive Utah law, we cite to the current version of the rule. *See* Utah R. Civ. P. advisory committee notes.

that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to present sufficient evidence to establish a genuine issue of material fact. *Id.* R. 56(a)(2). "The nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to establish a genuine issue." *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 31, 54 P.3d 1054. This burden-shifting is complicated when, as here, the nonmoving party would have borne the burden at trial to prove the challenged element. The Utah Supreme Court has explained

> A summary judgment movant, on an issue where the nonmoving party will bear the burden of proof at trial, may satisfy its burden on summary judgment by showing, by reference to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there is no genuine issue of material fact. Upon such a showing, whether or not supported by additional affirmative factual evidence, the burden then shifts to the nonmoving party, who may not rest upon the mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

*Orvis v. Johnson*, 2008 UT 2, ¶ 18, 177 P.3d 600 (citations, internal quotation marks, and emphasis omitted).

¶8     Here, Porter was the nonmoving party on summary judgment and was also the party who would have borne the burden at trial to prove damages. Once EB Golf put forth its evidence that Porter could not establish he had any new damages, Porter was unable to "rest upon the mere allegations or denials of the pleadings, [but rather had to] set forth specific facts showing that there [was] a genuine issue for trial." *Id.* (citation and internal quotation marks omitted). Specific facts

must be more than mere conclusory assertions that an issue of material fact exists. It follows that, on appeal, Porter must identify the specific facts that were before the district court and explain how those facts created a genuine issue as to the provability of damages.

¶9     On appeal, Porter does not address the analysis followed by the district court in reaching its conclusion. Nor does he provide a transcript of the hearing that decision memorialized.[4] Rather, Porter provides only the summarily stated written order: "Based on the arguments presented in [EB Golf's] Memoranda, and as a result of Mr. Porter's claims in the [earlier case], the Court holds that Mr. Porter cannot establish damages in the present case as a matter of law."[5] Absent the transcript and a focused challenge to the lower court's analysis, we are unable to address the legal correctness of the analysis supporting the district court's conclusion that Porter could not establish damages as a matter of law.

¶10     It is certainly possible that the court's analysis mirrored that of EB Golf's memorandum in support of the motion to dismiss. But even assuming this to be the case, Porter fails to

---

4. The minutes for the summary judgment hearing state only, "Court issues findings and states that there is no genuine issue of fact in regards to new damages and that there would need to be new damage for the cause of action to survive."

5. The district court's written order also stated, "Moreover, there is no genuine issue of material fact precluding summary judgment." Porter did not contest the adequacy of the district court's written order. To the extent that this was an alternate basis for the court's summary judgment ruling, "[t]his court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds." *Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28, 297 P.3d 38.

carry his burden on appeal. Porter analogizes EB Golf's argument in support of dismissal to an unlucky car:

> [Porter's] lawsuits might be analogous to a situation where a car is in an accident, resulting in a lawsuit, but after the lawsuit is filed and while still pending, the car is in a subsequent accident. Here, [EB Golf] argued that [Porter] admitted, in essence, that his "car" was totaled in the first accident, but there is much conflicting testimony that suggests that at least some damage resulted from new tortious conduct, committed after the filing of [the first lawsuit].

¶11 Porter does not identify or provide citations to the testimony or evidence he believes to be in conflict. Rather, he refers simply to "[t]he disputed facts of this case" and states that he "submitted a lengthy verified statement of disputed facts, asserting that his home still had value after the commencement" of the first lawsuit. But that statement of disputed facts, contained in his opposition to EB Golf's motion to dismiss,[6] did not allege any specific or supported facts as to the actual value of the house after the dismissal of his first lawsuit or at the time this second lawsuit was filed. There was thus no evidence of the value of Porter's house at the relevant time; rather, there was only Porter's conclusory assertion that he believed his house still had some value. Similarly, Porter did not allege any specific facts demonstrating a decrease in the value of the land. Accordingly, Porter has failed to identify the specific facts that he believes created a genuine issue of material fact precluding summary judgment. *See Orvis*, 2008 UT 2, ¶ 18. As a result, we cannot

---

6. As noted above, the district court treated EB Golf's motion to dismiss as a motion for summary judgment. *Supra* ¶ 4; *see also* Utah R. Civ. P. 12(c).

conclude that the district court erred in determining that Porter could not establish damages as a matter of law.

## CONCLUSION

¶12    Porter has failed to meet his burden of identifying specific facts that were before the district court which demonstrated the existence of a genuine issue of material fact relating to damages.

¶13    Affirmed.

————