**2017 UT App 149**

## THE UTAH COURT OF APPEALS

ROGER STEPHENSON,
Appellant,
*v.*
GERALD ELISON, BENNETT NEILSEN,
AND ALPINE SCHOOL DISTRICT,
Appellees.

Opinion
No. 20150693-CA
Filed August 10, 2017

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 140400281

Sara Pfrommer and Emily Adams, Attorneys
for Appellant

Sean D. Reyes and J. Clifford Petersen, Attorneys
for Appellees

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN concurred.[1]

POHLMAN, Judge:

¶1 Roger Stephenson filed suit in 2014, alleging that in the early 1980s he had been sexually assaulted by a junior high school teacher. Stephenson alleged claims against the teacher, Gerald Elison; the junior high school principal at the time, Bennett Neilsen; and the Alpine School District (ASD). The district court granted summary judgment in favor of the

---

1. Judge Stephen L. Roth participated in this case as a member of the Utah Court of Appeals. He retired from the court before this decision issued.

defendants on the ground that the relevant statutes of limitations expired before Stephenson filed suit. We dismiss Stephenson's appeal on the related ground that Stephenson's failure to provide timely notice of his claims left the district court without subject matter jurisdiction to adjudicate them.

BACKGROUND

¶2    From 1979 until 1982, Stephenson attended Orem Junior High School, where Elison was a drama and musical theater teacher.[2] Stephenson enrolled in Elison's classes and participated in plays produced under Elison's supervision. In 1981 or 1982, Stephenson had a conversation with a classmate regarding Elison's conduct toward him and allegedly described conduct that constituted sexual assault. The classmate informed a teacher, and the teacher reported the matter to Neilsen.

¶3    Neilsen questioned Stephenson regarding the allegations, in a manner Stephenson described as "hostile and accusatory," which led Stephenson "to believe he had acted inappropriately and would be subject to discipline." Neilsen allegedly instructed Stephenson to recount the accusations, and the following day Neilsen and Elison allegedly pressed Stephenson on whether there had been a "misunderstanding." No further action was taken.

¶4    Over twenty-five years later, in January 2008, Stephenson "approached the Orem Police Department . . . with information regarding Elison's abuse." But a member of the police department with a "family connection" to Elison allegedly

---

2. Because this case comes to us on summary judgment, we construe the facts in a light most favorable to Stephenson, the nonmoving party. *See Jensen v. Young*, 2010 UT 67, ¶ 2, 245 P.3d 731.

interfered with the investigation of Stephenson's claims, and "no legitimate investigation of Elison was ever conducted."

¶5    In February 2008, Stephenson confronted Elison and allegedly obtained "what is effectively a[] [signed] admission" of sexual assault, as well as an agreement that Elison would have "no further contact with minor children." Around that same time, Stephenson approached ASD with his concern that no charges had been filed against Elison, and he was allegedly told that a thorough investigation had been conducted but no evidence corroborating his allegations of sexual abuse had been uncovered.

¶6    In November 2013, Stephenson submitted a notice of claim to ASD, and in early 2014, Stephenson filed his complaint in the underlying action. Against Elison, he alleged sexual assault and sexual battery; against Elison and Neilsen, he alleged intentional infliction of emotional distress; and against Elison, Neilsen, and ASD, he alleged negligence, conspiracy, and failure to report sexual abuse of a minor. He also sought declaratory and injunctive relief.

¶7    With regard to the timing of his lawsuit, Stephenson alleged that "[o]nly in the past few years" had he "become cognizant to the full extent of damages caused by Elison's sexual abuse and ASD's and Neilsen's complicit enabling through willful inaction and active cover-up attempts." Moreover, "exceptional circumstances involving physical and medical issues" had prevented Stephenson from filing the lawsuit "until this time."

¶8    Elison and Neilsen moved to dismiss, asserting that Stephenson had not timely provided notice of his claims as required by the Governmental Immunity Act of Utah. *See* Utah Code Ann. § 63-30-12 (Allen Smith Co. Supp. 1985) (providing that "[a] claim against the state or its employee for an act or omission occurring during the performance of his duties, within

the scope of employment, or under color of authority, is barred unless notice of claim is filed . . . within one year after the claim arises") (repealed 2004); *id.* § 63G-7-402 (LexisNexis 2008).

¶9      Elison and Neilsen asserted that Stephenson's claims were tolled until he reached the age of majority in the mid-1980s, that the one-year period to provide notice of his claims expired the following year, and that Stephenson did not file notice of his claims until 2013. According to Elison and Neilsen, because Stephenson had already "lost his right . . . to recover" on his claims, the alleged 2008 cover-up of those claims could not have resulted in damage, and Stephenson had not alleged and could not have sustained injury stemming solely from the alleged cover-up. ASD filed a separate motion asserting these same grounds for dismissal.

¶10      The district court denied the motions, concluding that the complaint did not state "facts relevant to [Stephenson's] compliance with the notice of claim procedures," as there was "no mention of a notice of claim." The court elected not to treat the motions to dismiss as motions for summary judgment and thereby consider matters outside the complaint because, in the court's view, the "sensitive nature and complexity of the claims and defenses" rendered "summary resolution . . . premature." *See* Utah R. Civ. P. 12(b) (requiring conversion of motions to dismiss to motions for summary judgment when the court considers "matters outside the pleading")

¶11      Shortly thereafter, when the parties were engaged in initial discovery and months away from the deadlines set for completion of fact and expert witness discovery, Elison and Neilsen moved for summary judgment. ASD joined the motion, which asserted that the statutes of limitations relevant to Stephenson's claims had expired before Stephenson filed suit.

¶12      Stephenson asked the court to deny the motion because "factual issues" existed regarding whether the "statutes of

limitations [were] tolled." Stephenson also obtained leave to file supplemental briefing regarding whether he should receive additional time to conduct discovery. In his briefing, Stephenson asserted that "[f]urther discovery is needed" on the issues of "the nature and extent of" Stephenson's competency to bring an action alleging sexual abuse, "whether exceptional circumstances exist that tolled the statute of limitations," and "whether fraudulent concealment tolls the statute of limitations."

¶13    Elison and Neilsen objected, asserting that Stephenson had "fail[ed] to explain how additional discovery directed to" the defendants would "aid in [Stephenson's] evaluation of his own mental competency." (Emphasis omitted.) According to Elison and Neilsen, Stephenson "also fail[ed] to present any argument explaining why the discovery rule and/or fraudulent concealment apply to facts including his having direct knowledge of the circumstances surrounding the allegations of sexual abuse . . . both in 1981 and again in 2008."

¶14    On reply, Stephenson asserted that "[m]ental capacity and memory repression are both issues which, if present as alleged, would have the effect of tolling the statute of limitations"; that "memory repression, mental capacity, and even influence of fraud . . . are issues squarely for expert discovery"; and that "expert reports are typically produced *after* discovery is complete." Stephenson also alleged that "[t]here are, at this time, documents which indicate the possibility of fraudulent concealment but which require additional discovery."

¶15    The district court granted the defendants' motion for summary judgment and dismissed all of Stephenson's claims. The court concluded that the defendants had met their initial burden with regard to expiration of the limitations periods and that Stephenson had failed to present evidence creating a fact issue as to tolling. The court also denied Stephenson's request

for additional time for discovery, concluding that Stephenson had "fail[ed] to explain how additional discovery directed to defendants [would] aid in his evaluation of his own mental competency" or would "affect his own admissions of having direct knowledge of the circumstances surrounding the allegations of sexual abuse."

¶16   Stephenson then moved to alter or amend the judgment, asserting that "newly discovered[] material evidence, including the opinions of Stephenson's expert, demonstrates that the statute of limitations should be tolled." Stephenson attached a brief report by Dr. David M. Ranks, who evaluated Stephenson shortly after summary judgment was granted. Dr. Ranks's write-up included his "initial expert opinion that the abuse and subsequent concealment 'left [Stephenson] factually unable to comprehend his trauma.'" (Alteration in original.)

¶17   Later, in his reply briefing, Stephenson submitted a more substantive write-up and supporting declaration by Dr. Ranks, which stated, among other things, that Stephenson's "attempts to reach out to law enforcement" and ASD officials in 2008 were not "conclusive evidence" that he "factually comprehended at that time he had been sexually abused," and Stephenson was "unable to factually comprehend the circumstances of his abuse[], and that he had been sexually abused, until the time this lawsuit was filed. In other words, . . . Stephenson was unable to comprehend his abuse sufficiently to bring the litigation until the time he actually" filed his complaint.

¶18   The district court denied Stephenson's motion, concluding that the opinions and declaration of Dr. Ranks were not newly discovered evidence because, at a minimum, an affidavit from Dr. Ranks could have been submitted prior to issuance of the court's ruling on summary judgment. In addition, the court concluded that the evaluations and declaration did not establish, for tolling purposes, that

Stephenson was unaware of the facts underlying his claims for any period of time prior to 2014. Stephenson appeals.

ISSUES AND STANDARDS OF REVIEW

¶19   Stephenson contends the district court erred by granting summary judgment in favor of the defendants, denying his motion to alter or amend the judgment, and denying his request for additional time for discovery. The defendants assert that each of the district court's rulings should be upheld. They also assert that summary judgment may be affirmed on the ground that Stephenson did not comply with the one-year notice of claim requirement imposed by the Governmental Immunity Act, and the district court therefore lacks subject matter jurisdiction over Stephenson's claims.

¶20   We review the district court's "legal conclusions and ultimate grant or denial of summary judgment for correctness." *Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 9, 284 P.3d 630 (citation and internal quotation marks omitted). "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law," viewing the facts and all reasonable inferences drawn therefrom in a light most favorable to the nonmoving party. *Id.*; *accord* Utah R. Civ. P. 56(a).[3]

¶21   In addition, when a party opposing summary judgment seeks additional time for discovery, we review the grant or

--------

3. Utah Rule of Civil Procedure 56 was amended in 2015, after the motion for summary judgment was argued and decided. But because the 2015 amendments did not alter "substantive Utah law" with regard to rule 56, we cite the current version of the rule. *See* Utah R. Civ. P. 56 advisory committee notes; *accord Porter v. EB Golf LLC*, 2016 UT App 82, ¶ 7 n.3, 372 P.3d 709.

denial of the motion for abuse of discretion. *Crossland Sav. v. Hatch*, 877 P.2d 1241, 1243 (Utah 1994). We likewise review a district court's grant or denial of a motion to alter or amend the judgment for abuse of discretion. *Sanpete Am., LLC v. Willardsen*, 2011 UT 48, ¶ 28, 269 P.3d 118.

ANALYSIS

¶22    The defendants assert there is an "alternative ground" for affirming the district court's grant of summary judgment: that Stephenson did not comply with the Governmental Immunity Act's one-year notice of claim requirement, and the district court therefore lacked subject matter jurisdiction over all of Stephenson's claims. However, absence of subject matter jurisdiction is not merely an alternative ground this court may, at its discretion, address. "Lack of jurisdiction can be raised at any time," and if the district court lacks subject matter jurisdiction to adjudicate Stephenson's claims, this court is required to dismiss them. *See Lamarr v. Utah State Dep't of Transp.*, 828 P.2d 535, 540 (Utah Ct. App. 1992); *accord* Utah R. Civ. P. 12(h) ("[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

¶23    "[F]ailure to comply with the notice requirements of the Utah Governmental Immunity Act deprives the trial court of subject matter jurisdiction" over the asserted claims. *Nielson v. Gurley*, 888 P.2d 130, 134–35 (Utah Ct. App. 1994); *see also Thomas v. Lewis*, 2001 UT 49, ¶ 13, 26 P.3d 217 ("The notice of claim provisions of the Governmental Immunity Act are jurisdictional."). We therefore address the question of proper notice first, and we reach the other issues raised on appeal only as necessary to resolve this threshold question. *See Thomas*, 2001 UT 49, ¶ 13.

¶24    Under the Governmental Immunity Act, a claim against a governmental entity or employee "for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, is barred unless notice of claim is filed" as specified "within one year after the claim arises." Utah Code Ann. § 63G-7-402 (LexisNexis 2008).[4] For purposes of the notice provision, "a claim arises when the statute of limitations that would apply if the claim were against a private person begins to run." *Id.* § 63G-7-401(1)(a).

¶25    On appeal, Stephenson "assumes" that he was required to file a notice of claim for each of his claims, but "submits that he fulfilled that requirement by notice given in November 2013." He contends that "the same equitable tolling arguments" he has asserted with regard to the statutory limitations periods also apply to the one-year period for filing a notice of claim. On that basis, he claims to have made a sufficient showing of entitlement "to equitable tolling of the notice of claims provisions," such that the district court had subject matter jurisdiction to adjudicate his claims. We disagree.

¶26    A statute of limitations generally begins to run "upon the happening of the last event necessary to complete the cause of action." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741 (citation and internal quotation marks omitted). Here, the district court concluded Stephenson's claims arose out of incidents alleged to have occurred in 1981 and 2008, and the limitations periods thus began running in 1985, when Stephenson turned eighteen, or in 2008, when the last acts

---

4. Because the defendants assert the one-year notice of claim period began running on all of Stephenson's claims by at least 2008, we refer to the provisions of the Governmental Immunity Act in effect in 2008, unless otherwise indicated.

necessary to complete the latter causes of action occurred. On appeal, Stephenson does not challenge these conclusions, but instead relies solely on assertions of tolling. Accordingly, unless the limitations periods were tolled, they began running in 1985 for the earlier claims and in 2008 for the later claims, and the one-year notice periods expired in 1986 and 2009, respectively.

¶27 There are "two narrow settings in which a statute of limitations may be tolled until the discovery of facts forming the basis for the cause of action." *Id.* ¶ 21 (citation and internal quotation marks omitted). The first setting involves application of a statutory discovery rule, when the relevant statute of limitations, by its own terms, mandates tolling of the limitations period until the factual basis for the claim has been discovered. *See id.* The second setting involves application of an equitable discovery rule in cases involving fraudulent concealment or exceptional circumstances. *Id.* ¶¶ 24–25. Fraudulent concealment occurs when the plaintiff "does not become aware of the cause of action because of the defendant's concealment or misleading conduct," and exceptional circumstances exist when "the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Id.* ¶ 25 (citation and internal quotation marks omitted).

### I. The Governmental Immunity Act's
### Internal Discovery Rule

¶28 Stephenson contends that the Governmental Immunity Act's one-year notice period was equitably tolled until he filed his notice of claims in November 2013. He asserts that the "notice of claims provisions are just another kind of statute of limitations and are therefore subject to the same equitable tolling arguments that apply to the filing of the complaint."

¶29 But tolling under statutory and equitable discovery rules is usually mutually exclusive; in other words, "an equitable discovery rule may operate to toll an otherwise fixed statute of limitations . . . *only* where a statute of limitations does not, by its own terms, already account for such circumstances—i.e., where a statute of limitations lacks a statutory discovery rule." *Russell Packard Dev.*, 2005 UT 14, ¶ 25. And statutory language added in 2004 to the Governmental Immunity Act's one-year notice requirement sets forth an internal discovery rule:

> (b) The statute of limitations does not begin to run until a claimant knew, or with the exercise of reasonable diligence should have known:
>
>> (i) that the claimant had a claim against the governmental entity or its employee; and
>>
>> (ii) the identity of the governmental entity or the name of the employee.
>
> (c) The burden to prove the exercise of reasonable diligence is upon the claimant.

Utah Code Ann. § 63-30d-401(1)(b), (c) (LexisNexis 2004). This language was in effect in 2008, when the conduct giving rise to Stephenson's later claims allegedly occurred. *See id.* § 63G-7-401(1)(b), (c) (2008).

¶30 No Utah appellate court has previously addressed whether this internal discovery rule precludes a claimant's assertion of equitable tolling otherwise available under "the statute of limitations that would apply if the claim were against a private person." *See id.* § 63G-7-401(1)(a). The parties do not address this question, and Stephenson neither cites the internal discovery rule nor asserts it as a basis for tolling his claims. But if the internal tolling provision applies, Stephenson's assertion of equitable tolling is inapplicable to all of his claims for which the

last event necessary to complete the cause of action occurred in 2008.[5] *See Russell Packard Dev.*, 2005 UT 14, ¶ 25.

¶31 We need not decide Stephenson's appeal on this basis, however, because even assuming equitable tolling is available for *all* of Stephenson's claims, the evidence on which Stephenson relies is insufficient to support equitable tolling for *any* of his claims, whether based on conduct that allegedly occurred in the early 1980s or in 2008.[6] We therefore turn to the record in support of Stephenson's claim of equitable tolling.

## II. Equitable Tolling of Stephenson's Claims

¶32 Stephenson concedes that he did not produce in his opposition to summary judgment "evidence to create a genuine issue of material fact about whether" the statutes of limitations applicable to his claims "should be equitably tolled." Yet Stephenson asserts he should nevertheless be permitted to pursue his claims under a theory of equitable tolling, for three reasons. First, Stephenson claims the defendants are not entitled

---

5. Earlier versions of the Governmental Immunity Act, including the provisions in effect in 1985 and 1986, did not contain the internal discovery rule set forth above. *See* Utah Code Ann. § 63-30-11 (Michie 1986); *id.* (Allen Smith Co. Supp. 1985); *Cedar Prof'l Plaza, LC v. Cedar City Corp.*, 2006 UT App 36, ¶¶ 1 n.1, 12, 131 P.3d 275 (noting that the pre-2004 provisions of the Governmental Immunity Act did not contain an internal discovery rule applicable to the one-year notice period).

6. Although we need not address this issue further, we note that if Stephenson had asserted a claim of statutory tolling with respect to his 2008 claims, it would fail for many of the same reasons set forth with regard to his claim of equitable tolling. *See infra* ¶¶ 38–49.

to summary judgment because they did not establish he "could *never* prove that the statute[s] of limitations could be tolled." Second, Stephenson contends Dr. Ranks's opinions and declaration, submitted with his motion to alter or amend the judgment, create a genuine issue of material fact with regard to tolling. Third, Stephenson asserts he should have been given additional time to conduct discovery on the issue. We address each argument in turn.

A.      The Parties' Respective Burdens of Proof

¶33      Generally, the burden of establishing that a limitations period should be tolled rests upon the plaintiff alleging the underlying claim. *See Tracey v. Blood*, 3 P.2d 263, 266 (Utah 1931) ("Apparently all courts are agreed . . . that the burden [is] upon the plaintiff to plead and prove facts sufficient to toll the statute of limitations . . . ."). And when a party bears the burden of proof on a legal theory, and the opposing party moves for summary judgment and demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 30, 284 P.3d 630 (citation and internal quotation marks omitted). Likewise, when a defendant moves for summary judgment prior to the close of the discovery period, the defendant "bears the burden of proving it is entitled to judgment as a matter of law." *Advanced Forming Techs., LLC v. Permacast, LLC*, 2015 UT App 7, ¶ 8, 342 P.3d 808. A plaintiff may oppose the motion by demonstrating a genuine issue of material fact, showing the defendant is not entitled to summary judgment based on the undisputed facts, or seeking a continuance in accordance with Utah Rule of Civil Procedure 56. *See id.*

¶34      In this case, the defendants moved for summary judgment before the close of the discovery period. As required, they demonstrated entitlement to judgment as a matter of law by

establishing expiration of the statutory limitations periods, given the undisputed passage of time between the conduct alleged and the filing of Stephenson's complaint. Because Stephenson did not allege any deficiency in this showing, the burden shifted to Stephenson to establish a genuine issue of material fact with regard to tolling, and if Stephenson required additional time for discovery, he had the option of seeking additional time in accordance with rule 56. *See id.*

¶35  Likewise, on appeal the defendants have demonstrated Stephenson's failure to provide notice of his claims within the one-year period set forth in the Governmental Immunity Act. They request that summary judgment be affirmed on that basis, and because Stephenson does not assert any error in the defendants' showing, he bears the burden of demonstrating a genuine issue of material fact as to tolling or establishing error in the district court's denial of his request for a continuance to obtain further discovery bearing on this question.[7]

¶36  Yet Stephenson misunderstands his obligation, erroneously contending that summary judgment was improper because the defendants did not establish Stephenson "could *never*" make a successful case for equitable tolling. Stephenson relies on a discussion in *Advanced Forming Technologies, LLC v. Permacast, LLC*, 2015 UT App 7, 342 P.3d 808, which is inapplicable here because it addressed a situation in which a defendant moving for summary judgment prior to expiration of the discovery period "did not demonstrate its entitlement to

---

7. On appeal, Stephenson has not requested additional time to address the notice-of-claim question; his only argument in that regard is that the district court erroneously denied his request for additional time to conduct discovery prior to ruling on the summary judgment motion. We address Stephenson's argument accordingly.

judgment as a matter of law." *See id.* ¶ 15. And *Advanced Forming Technologies* sets out the burdens outlined above when, as here, a defendant moves for summary judgment prior to the close of the discovery period and demonstrates entitlement to judgment as a matter of law. *Id.* ¶¶ 8–15.

¶37     In this case, it is undisputed that the issues litigated in the district court summary judgment proceeding overlap in all material respects with the issues relevant on appeal to the notice-of-claim question. And Stephenson does not assert that anything other than the summary judgment standard applies for purposes of this inquiry.[8] Applying the summary judgment standards set forth above, the burden is on Stephenson to identify evidentiary support for his equitable tolling claim or to demonstrate why additional time should have been provided to procure it. *See* Utah R. Civ. P. 56; *Advanced Forming Techs.*, 2015 UT App 7, ¶ 8. We therefore examine whether Stephenson submitted sufficient evidentiary support for his claim of equitable tolling and whether the district court exceeded its discretion by denying Stephenson's request for additional time to obtain it.

B.     The Evidence in Support of Equitable Tolling

¶38     Stephenson points to only one source of evidence in support of his claim of equitable tolling—Dr. Ranks's opinions and declaration, which were submitted with Stephenson's

---

8. Indeed, each of Stephenson's arguments assumes application of the summary judgment framework—i.e., his assertion that the defendants are not entitled to summary judgment because they did not rule out every possible basis for equitable tolling; that the order granting summary judgment should have been altered because Dr. Ranks's opinions and declaration raise genuine issues of material fact; and that the summary judgment ruling should have been postponed.

motion to alter or amend the judgment under Utah Rule of Civil Procedure 59. According to the parties, this evidence may support entry of an amended judgment only if it is "newly discovered material evidence that could not, with reasonable diligence, have been discovered and produced at the trial." *See* Utah R. Civ. P. 59(a)(4). But we need not reach this question because regardless of whether the evidence was "newly discovered" for purposes of rule 59(a)(4), it does not raise a genuine issue of material fact as to tolling.

¶39 Before a statute of limitations may be tolled under the equitable discovery rule, due to either exceptional circumstances or fraudulent concealment, "the plaintiff must make an initial showing that he did not know nor should have reasonably known the facts underlying the cause of action in time to reasonably comply with the limitations period." *McBroom v. Child*, 2016 UT 38, ¶ 34, 392 P.3d 835 (citation and internal quotation marks omitted). Stephenson asserts he has made this initial showing and did "not know and could not reasonably have discovered the facts underlying the cause[s] of action in time to commence an action" within the one-year notice period. (Internal quotation marks omitted.) Yet the allegations in Stephenson's complaint belie his claim.

¶40 "An admission of fact in a pleading is a judicial admission and is normally conclusive on the party making it." *Baldwin v. Vantage Corp.*, 676 P.2d 413, 415 (Utah 1984). In his complaint, Stephenson alleged (1) that he "approached the Orem Police Department . . . with information regarding Elison's abuse" in January 2008, (2) that he confronted Elison and obtained "what is effectively a[] [signed] admission" of sexual assault and an agreement that Elison would have "no further contact with minor children" in February 2008, and (3) that he, at around that same time, approached ASD "about Elison's molestation and [Stephenson's] concern no charges had . . . been filed."

Stephenson further alleges he then met with an ASD official and "recounted Elison's improper advances" and "molestation."

¶41    Stephenson's assertion that he did not know and could not reasonably have discovered the facts underlying his claims prior to November 2013, when he filed his notice, rests on statements pulled from Dr. Ranks's opinions and declaration, including statements that "Stephenson [was] unable to factually comprehend the circumstances of his abuses, and that he had been sexually abused, until the time this lawsuit was filed"; "[i]t is inaccurate to state that . . . Stephenson's attempts to reach out to law enforcement officials and [ASD] officials in 2008 is conclusive evidence he . . . factually comprehended at that time he had been sexually abused"; and "Stephenson could not factually comprehend he had been sexually abused . . . until around the time this lawsuit was filed." In Stephenson's view, his claims "are [all] predicated on him realizing that he was sexually abused," and Dr. Ranks's statements that Stephenson did not "factually comprehend" the abuse therefore support application of the exceptional circumstances and fraudulent concealment doctrines to all of his claims.

¶42    Normally, however, no genuine issue of fact is created by opinions and statements submitted by a party that contradict the party's pleaded allegations. *See Monarrez v. Utah Dep't of Transp.*, 2014 UT App 219, ¶ 45, 335 P.3d 913 (noting with approval the principle that "[i]n moving for summary judgment, a party may rely on the doctrine of judicial admission by utilizing allegations in the opposing party's pleadings to eliminate triable issues of material fact" (citation and internal quotation marks omitted)), *aff'd*, 2016 UT 10, 368 P.3d 846; *Ramos v. Khawli*, 908 N.E.2d 495, 509 (Ohio Ct. App. 2009) (rejecting the argument that an expert opinion created a genuine issue of material fact, in part because the "appellant's own admissions contradict her expert's opinion and admit that the standard of care was not breached and that she was not injured"); *cf. Brinton v. IHC Hosps., Inc.*, 973 P.2d 956,

973 (Utah 1998) (concluding that statements in the claimant's affidavit did not raise a genuine issue of material fact, where the claimant had not adequately explained the contradiction between allegations in his complaint and testimony under oath, and the statements in his later-submitted affidavit); *Rutherford ex rel. Rutherford v. Talisker Canyons Fin. Co.*, 2014 UT App 190, ¶ 11 n.6, 333 P.3d 1266 (rejecting an argument as "contradictory to the allegations contained in the [parties'] complaint," noting that "[a]n admission of fact in a pleading . . . is normally conclusive on the party making it" (second alteration in original) (citation and internal quotation marks omitted)), *cert. granted*, 343 P.3d 708 (Utah 2015).

¶43 And many of Dr. Ranks's statements are directly contrary to Stephenson's allegations, which Stephenson has made no request to amend or withdraw. For example, Dr. Ranks opines that, after the 1980s, "Stephenson was . . . prevented from telling authority figures further about his abuse . . . until this lawsuit was filed," but Stephenson alleged that by 2008 he had (1) brought the conduct to the attention of police officers, (2) sought out and obtained a confession from the perpetrator as well as a commitment that the perpetrator would avoid contact with minor children, and (3) shared his concern with ASD that no further action had been taken.

¶44 Dr. Ranks's remaining statements appear similarly irreconcilable with Stephenson's allegations and therefore do not support his claims. But even if construed as consistent rather than contradictory, the statements would not create genuine issues of material fact as to tolling. Under the fraudulent circumstances exception, "plaintiffs with knowledge of underlying facts must reasonably investigate their claims" because the limitations period will run. *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 44, 156 P.3d 806. And with regard to exceptional circumstances, "Utah precedent evidences . . . reluctance to apply the discovery rule absent

complete repression of all memory of the abuse." *Id.* ¶ 27. Given the many strides Stephenson allegedly undertook to address the conduct giving rise to his claims, the record does not support application of equitable tolling under either the fraudulent concealment or exceptional circumstances doctrines.[9]

¶45   When a plaintiff has asked a police department to investigate and pursue criminal charges, has sought out and obtained from the alleged perpetrator a written confession and promise to abstain from contact with a vulnerable population, and otherwise has brought the conduct to the attention of persons in positions of authority, the plaintiff must, at a minimum, explain how application of the general limitations rule would be irrational or unjust, or demonstrate why he or she lacked sufficient notice to investigate his or her potential legal claims. Here, Dr. Ranks's broadly stated opinions do not contain any such explanation, and Stephenson does not otherwise provide one. For example, when pressed in oral argument as to the meaning of Dr. Ranks's statements that Stephenson was "unable to factually comprehend" the abuse, Stephenson was unable to provide any clarification of Dr. Ranks's statements or to effectively explain why he could reach out to law enforcement

---

9. In so holding, we reject Stephenson's assertion that all claims of sexual abuse of a child involve exceptional circumstances "such that a court should eliminate" any relevant limitations periods. Despite Stephenson's argument to the contrary, recent legislative changes regarding the limitations periods for claims alleging sexual abuse of a child, *see* Utah Code Ann. § 78B-2-308(3)(a), (7) (LexisNexis Supp. 2016), do not provide this court with authority to overrule the Utah Supreme Court's holding in *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, 156 P.3d 806, which refused to categorically eliminate the limitations periods applicable to such claims, *see id.* ¶¶ 27, 36.

and ASD officials but could not seek legal assistance in investigating private claims.

¶46 Moreover, even assuming that "[o]nly in the past few years" had Stephenson "become cognizant to the full extent of damages caused by Elison's sexual abuse and ASD's and Neilsen's complicit enabling," as Stephenson alleged, full comprehension of damages stemming from injurious conduct is not required before the clock starts running on the limitations period. *See Colosimo*, 2007 UT 25, ¶ 31 ("Because the [plaintiffs] do not allege that they repressed all knowledge of their abuse, they had knowledge of the operative facts giving rise to their claims. Their inability to connect the abuse with their injuries does not render them eligible for application of the exceptional circumstances version of the discovery rule.").

¶47 Stephenson, however, suggests that a plaintiff cannot reasonably be expected to investigate legal claims unless notification of authority figures results in acknowledgment of the validity of his allegations and some meaningful response; otherwise, he asserts, the plaintiff may feel rebuffed and uncertain of his claims and therefore decline to pursue legal recourse until a later date. But the relevant standard is not the degree of confidence a plaintiff has in his or her claims; the question is whether the plaintiff knew or reasonably should have known the facts underlying the cause of action "in time to reasonably comply with the limitations period." *McBroom v. Child*, 2016 UT 38, ¶ 34, 392 P.3d 835 (citation and internal quotation marks omitted).

¶48 Moreover, even if the denial of a plaintiff's allegations could, in some circumstances, excuse the plaintiff's delay in asserting his claims, those circumstances are not present here, as Stephenson allegedly obtained "effectively a[] [signed] admission" of sexual assault from Elison in 2008. Thus, even if the police department and ASD "aggravat[ed] the ongoing . . .

trauma caused by" the alleged sexual abuse by failing to pursue or corroborate Stephenson's allegations, as Dr. Ranks opines, the record contains no genuine issue of material fact as to whether Stephenson was nevertheless sufficiently aware of the facts underlying his claims prior to expiration of the latest one-year notice period in 2009.

¶49    Sexual assault and the alleged cover-up of sexual assault, particularly against minors by those occupying positions of authority and trust, are deplorable offenses. But the legislature has not excepted these types of claims from the Governmental Immunity Act's one-year notice period, and the record demonstrates Stephenson had sufficient awareness of the underlying facts "to put [him] on inquiry notice of potential causes of action against the . . . defendants and to impose on [him] a duty to undertake reasonable inquiry as to the existence of [his] claims." *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 50, 156 P.3d 806.[10]

---

10. Stephenson asserts in his reply brief that his notice of claims is timely as to Elison, based on recent amendments extending the pertinent statute of limitations and the period of time for filing a complaint against a perpetrator of child sexual abuse. *See* Utah Code Ann. § 78B-2-308(3)(a), (7) (LexisNexis Supp. 2016). But his conclusory argument in that regard is inadequately briefed, as Stephenson has failed to address whether his argument regarding the statutory amendments may be raised for the first time on appeal in a reply brief and whether this court may apply amendments not in effect at the time of the district court's dismissal of the case. Stephenson also has not substantively addressed the interplay between the one-year notice of claims provision and the extended statutory limitations and filing periods, but largely assumes that the latter would revive the former. Given the lack of supporting legal analysis and citation to and development of legal authority with respect to these

(continued…)

C.     Stephenson's Request for Additional Time for Discovery

¶50     In his final challenge on appeal, Stephenson asserts his time for discovery was improperly cut short because the defendants moved for summary judgment early in the discovery period, months before fact and expert discovery were set to be completed. In Stephenson's view, "the issue central to the summary judgment motion—whether [he] was entitled to equitable tolling—was [a fact-intensive] issue that required expert testimony," and when Stephenson "asked for additional time to produce an expert report, . . . the district court denied that motion."

¶51     Our case law instructs that to provide an adequate opportunity for discovery, a district court should liberally grant additional time when requested in accordance with Utah Rule of Civil Procedure 56. *Spring Gardens Inc. v. Security Title Ins. Agency of Utah Inc.*, 2016 UT App 113, ¶ 10, 374 P.3d 1073. However, district courts have no obligation to grant such motions if they are "'dilatory or lacking in merit.'" *Id.* (quoting *Crossland Sav. v. Hatch*, 877 P.2d 1241, 1243 (Utah 1994)). And under the circumstances present here, "the district court did not abuse its discretion in denying [Stephenson] additional time for discovery because additional discovery time would have been of

---

(…continued)

issues, we do not address them. *See Cheek v. Clay Bulloch Constr. Inc.*, 2016 UT App 227, ¶¶ 30–33, 387 P.3d 611; Utah R. App. P. 24(a)(9). Thus, the possible effect of the subsequent changes in the law on Stephenson's claims or on the validity of any notice of claim he has already filed are questions beyond the scope of this appeal and must be addressed, if at all, in the event Stephenson attempts to reassert his claims in the context of the amended statute of limitations.

no benefit to [Stephenson] given [his] [judicial] admissions." *See id.* ¶ 13.

¶52    Moreover, despite Stephenson's assertion to the contrary, he had sufficient time to obtain expert opinions and statements from Dr. Ranks during the proceedings below, but Dr. Ranks's submissions were deemed insufficient by the district court, a determination we have upheld on appeal. And Stephenson has failed to identify how additional time or additional discovery would result in any substantive differences in those opinions or statements, much less differences that could lead to a different outcome. We therefore uphold the district court's denial of Stephenson's request for additional time for discovery.

CONCLUSION

¶53    Stephenson failed to file notice of his claims within one year as required by the Governmental Immunity Act, and Stephenson has not raised a genuine issue of material fact as to equitable tolling of the one-year period. In addition, the district court acted within the bounds of its discretion when it denied Stephenson's request for additional time for discovery. We therefore dismiss Stephenson's appeal, because Stephenson's failure to provide timely notice of his claims left the district court without subject matter jurisdiction to adjudicate them.

———————